IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KELVIN J. MILES, #45410-077              *
              Plaintiff
    v.                                      *    CIVIL ACTION NO. AW-13-cv-1555

FRANK RAGIONE, *et al*.                *
              Defendants.
                                        ***

## **MEMORANDUM**

Kelvin Miles's ("Miles") prior civil cases illustrate that he served a cumulative 45-year sentence on rape and kidnapping convictions imposed in Maryland in 1979 and 1980. He was transferred out of Maryland on May 31, 2012, and is currently confined at a U.S. Bureau of Prisons' institution in Estill, South Carolina. On May 23, 2013, the court received for filing his request for a hearing and motion for leave to file an amendment to three different complaints, all of which were previously dismissed in 1994-1996. Miles contends that he is entitled to file an amended complaint as a matter of course. This statement, however, carries no weight when a movant is attempting to amend a complaint seventeen to nineteen years after the complaint has been dismissed with prejudice. (ECF No. 1). Miles states that the previous cases were dismissed without affording him the opportunity to amend his actions to "correct his faults or oversights by amended complaints…" He seemingly accuses Defendants, a former Assistant State's Attorney and a Maryland Public Defender, of malpractice and claims that the conditions of his confinement in the Maryland prison system over a thirty-year period caused him irreparable psychological injury. Lastly, Miles complains of a detainer issued by the District of Columbia authorities in 1979. (*Id*.)

Miles's filing has been construed as a new civil rights action. Were this court to substantively review the claims, it would necessarily find the complaint to be without merit as

pleaded. However, as Miles has accumulated over three 28 U.S.C. § 1915(e) dismissals of his prison civil actions, his Complaint is subject to dismissal pursuant to this Court's authority under 28 U.S.C. § 1915(g).[1]

Title 28 U.S.C. § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

    (A)    the allegation of poverty is untrue; or
    (B)    the action or appeal --
        (i)    is frivolous or malicious;
        (ii)    fails to state a claim on which relief may be granted; or
        (iii)    seeks monetary relief against a defendant who is immune from such relief.

In addition, 28 U.S.C. § 1915(g) mandates that:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court interprets this provision of the Act to require that once three such dismissals under § 1915(e) or Fed. R. Civ. P. 12(b)(6) have been accumulated, a prisoner will be barred thereafter from initiating further civil actions *in forma pauperis*, unless at the time he files the action he is under imminent danger of serious physical injury.[2] *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006) *Debuc v. Johnson*, 314 F.3d 1205, 1208-09 (10th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239

---

[1] No filing fee or indigency application accompanied Miles's paperwork. Nonetheless as he is seeking to amend his prior actions which were filed in forma pauperis, and has always proceeded in forma pauperis, the court presumes he wishes to proceed without the pre-payment of filing fees.

[2] Of course, this provision does not preclude an inmate from prepaying the full filing fee to re-file claims previously rejected under §1915(g).

F.3d. 307, 313 (3rd Cir. 2001).

Given the application of the aforementioned statute, this action shall not be permitted to proceed. Review of Miles's prior § 1983 actions discloses that five of his actions were dismissed without requiring service of process on defendants because they were frivolous or had failed to state a constitutional claim for federal district court consideration.[3] In *all* five cases, Miles was granted leave to proceed *in forma pauperis* pursuant to § 1915(a). In light of these previous "strikes" and the fact that Miles's instant allegations plainly do not meet the "imminent danger" exception, this action shall be dismissed pursuant to § 1915(g). Miles shall be denied leave to proceed without the prepayment of court costs. He may, however, resume any claims dismissed under § 1915(g) under the fee provisions of 28 U.S.C. § 1914 applicable to all litigants.

A separate Order reflecting this opinion shall follow.

Date: May 31st, 2013            /s/
                                    Alexander Williams Jr.
                                    United States District Judge

---

[3] In reaching this decision, the court relies upon the prior orders of dismissal set out in *Miles v. Reginoe, et al.*, Civil Action No. S-94-2663 (D. Md.); *Miles v. Robinson, et al.*, Civil Action No. S-95-899 (D. Md.); *Miles v. Chance*, Civil Action No. S-95-1163 (D. Md.); *Miles v. Robinson, et al.*, Civil Action No. S-96-695 (D. Md.); and *Miles v. Governor, et al.,* Civil Action No. S-96-1921 (D. Md.). *See Evans v. Illinois Dep't of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998) (district court must cite specific case information upon which it issues a § 1915(g)dismissal).